**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DONALD DEMILLE BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-346-WDS |
| | ) |
| DR. ZOKE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge**:

Plaintiff brings this action against the defendants for failing to provide him adequate medical care while he was confined at the United States Penitentiary located in Marion, Illinois (USP-Marion). It appears that Plaintiff commenced this action *after* being released from confinement.

Plaintiff specifically invokes the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. Liberally construing the complaint, it appears that Plaintiff is also attempting to assert a damages claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion, thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal-
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

**THE COMPLAINT**

Briefly, Plaintiff alleges that while confined at the USP-Marion he was denied adequate medical care for a broken/decaying tooth and a tumor on his thyroid. Additionally, Plaintiff alleges that he was denied eye glasses.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Zoke and Castillio for medical malpractice/negligence in treating his medical conditions under the FTCA.
>
> **COUNT 2:** Against Defendants Zoke and Castillio for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

**DISCUSSION**

Defendants' alleged deliberate indifference to Plaintiff's serious medical needs violates the Eighth Amendment and is actionable under *Bivens*. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To the extent that Plaintiff claims that the Defendants were *negligent* in providing him care, that claim is cognizable under the FTCA. With regard to Count 1, the United States may be substituted

as the proper defendant if the Attorney General certifies that the Defendants were acting within the scope of their employment at the time of the alleged incident. 28 U.S.C. § 2679(d)(1).

Because a judgment against the United States in an FTCA action precludes recovery of a judgment against individual defendants in a *Bivens* action for the same acts or omissions, Plaintiff cannot receive a double recovery. *See* 28 U.S.C § 2679(b)(1); *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987). Nevertheless, Plaintiff may maintain both an FTCA claim and a *Bivens* action in the same suit. *Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991). Therefore, Plaintiff's claims survive threshold review pursuant to 28 U.S.C. § 1915(e)(2) and should not be dismissed at this time.

Also before the Court is Plaintiff's motion for service of process at Government Expense (Doc. 4) requesting that the United States Marshal make service in this case as provided in Rule 4(c)(3) of the Federal Rules of Civil Procedure. Pursuant to Rule 4(c)(3) the Court must order the United States Marshal to make service if - as here - Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's motion for service of process (Doc. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **Zoke and Castillio** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare an original summons for Defendants **Zoke and Castillio.**. The United States Marshal is **DIRECTED** to serve the summons, a copy of the complaint, and this order upon Defendant **Zoke and Castillio** pursuant to Rule 4(i)(3) of the Federal Rules of Civil Procedure.

The Clerk is **FURTHER DIRECTED** to serve the United States of America by preparing a copy of each summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** and to the **ATTORNEY GENERAL of the UNITED STATES** pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to serve upon each defendant, or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

4

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 20, 2009.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**